# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALLIZON BROOKS a/k/a<br>ALIEON BROOKS, | )<br>)<br>) | |
| Plaintiff, | )<br>) | No. 13-cv-03090 |
| v. | )<br>) | Judge Andrea R. Wood |
| THE CITY OF CHICAGO, a Municipal<br>Corporation, DAVID STEPNEY, Star # 11508,<br>TIMOTHY SCHNOOR, Star # 15401, and<br>NOEL SANCHEZ, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Allizon Brooks claims to have been the victim of excessive force, false arrest, and unconstitutional conditions of confinement, all in connection with his January 18, 2013 arrest by City of Chicago police officers. A jury considered his claims and returned a verdict in favor of the police officer defendants on all counts. Before the Court is Brooks's post-trial motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59. (Dkt. No. 106.) In his motion, Brooks challenges the jury's verdict only with respect to his claim based the purportedly unconstitutional conditions of his confinement. For the reasons explained below, his motion is denied.

## BACKGROUND

On January 18, 2013, there was a shooting near a convenience store close to Brooks's home. The police were called to the scene. Brooks was inside the store when the police arrived, and he was ultimately arrested for obstructing the police. Defendant Officers David Stepney and

Timothy Schnoor were among the police officers who arrested Brooks, and Defendant Captain Noel Sanchez was a supervisor at the station where Brooks was held after his arrest. Brooks claims that Officer Stepney and Officer Schnoor used excessive force while restraining and arresting him at the convenience store and that, after he was arrested and placed in a jail cell, Officer Stepney handcuffed him with his hands behind his back for almost six hours and refused to allow him to go to the bathroom. Brooks further claims that Officer Sanchez refused to remove the handcuffs and denied his requests to the use bathroom. Based on those allegations, Brooks sued Officer Stepney and Officer Schnoor for use of excessive force and false arrest, and he sued Officer Stepney and Captain Sanchez for deliberate indifference to conditions of confinement that posed a substantial risk of serious harm to his health or safety while he was a pretrial detainee.

At trial, each side moved for judgment as a matter of law on Brooks's conditions-of-confinement claim. The Court denied both motions. Brooks now renews his motion pursuant to Rule 50(b) and, in the alternative, seeks a new trial pursuant to Rule 59. In support of his motion, Brooks asserts, first, that Defendants have offered "absolutely no evidence" to refute trial testimony from Brooks and one of his witnesses that he was handcuffed behind his back for nearly six hours and not permitted to use the bathroom, and second, that being handcuffed in the manner he claims violated his constitutional rights as a pretrial detainee.

## DISCUSSION

Rule 50 allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could

reasonably be based on that evidence." *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012). "The court does not make credibility determinations or weigh the evidence. Although the court reviews the entire record, the court must disregard all evidence favorable to the moving party that the jury [was] not required to believe." *Id.* (internal citations and quotation marks omitted; substitution in original).

Under Rule 59, in contrast, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59. "A court may only order a new trial if the jury's verdict is against the manifest weight of the evidence, . . . or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012) (omission in original) (internal quotation marks and citation omitted). "[A] court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict." *Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 444 (7th Cir. 2009) (internal quotation marks omitted).

While in its custody, the state was required to provide Brooks with "minimum levels of the basic human necessities: food, clothing, shelter, medical care, and reasonable safety." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998). To prevail on his conditions-of-confinement claim, Brooks had the burden of showing that the harm of being handcuffed in the manner he claims was "objectively serious," and that Officer Stepney and Captain Sanchez were "deliberately indifferent" to his health or safety.[1] *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th

---

[1] The jury was instructed that to prevail against each officer, Brooks had to prove by a preponderance of the evidence that: (1) Brooks was held in custody under conditions that posed a substantial risk of serious harm to his health or safety; (2) the officer was deliberately indifferent to his health or safety; and (3) the officer's conduct caused him harm. (Jury Instructions at 31, Dkt. No. 105.)

3

Cir. 2003). Brooks contends that being handcuffed for nearly six hours and denied the right to use the bathroom constitutes an unconstitutional deprivation of his rights as a detained person.

The gist of Brooks's post-trial argument is that the jury heard testimony from Brooks and another witness supporting his version of events that was not directly contradicted by any defense witness; therefore, according to Brooks, the jury could not have reached any conclusion other than that he was handcuffed in the manner he claims and that his treatment was both objectively serious and deliberately indifferent to his health and safety. In his motion, Brooks does not cite any portion of the trial transcript to support his arguments, instead relying on the Court being aware of the testimony presented at trial. (*See* Pl. Reply at 2, Dkt. No. 113.) However, Brooks is incorrect that his burden is met by relying on the Court to sift through the trial record to determine what testimony (or lack thereof) supports his position—"[i]t is not [the] court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (internal quotation marks and citations omitted).

Moreover, a simple review of the record reveals that there was more than a scintilla of evidence introduced at trial refuting Brooks's claims. For example, Officer Pantano, a non-party police officer, testified that Brooks was not handcuffed behind his back while in the processing area of the police station, and that he did not recall Brooks ever asking him to remove the handcuffs or to use the restroom. (Def. Resp. Ex. A, Pantano Trial Tr. at 2:13-25, Dkt. No. 112-1 at 3.) Although Brooks argues that Officer Pantano's testimony on this issue was impeached, impeachment does necessarily nullify testimony, as Brooks seems to believe. Instead, the members of the jury were free to believe (or disbelieve) Officer Pantano's testimony and to accept

(or reject) the reasons for any discrepancies between his trial testimony and his deposition testimony.

In addition, Captain Sanchez testified that as a captain and district station supervisor, he has never seen an arrestee placed in a holding cell with his hands cuffed behind his back, nor would he allow such to happen. (Def. Resp. Ex. B, Sanchez Trial Tr. at 19:23-20:5, Dkt. No. 112-1 at 6-7.) Captain Sanchez further testified that he did not recall interacting with Brooks but would likely have remembered if he came across an arrestee with his hands cuffed behind his back. (*Id*. at 27:13-22, Dkt. No. 112-1 at 8.) Furthermore, a University of Chicago emergency room nurse who treated Brooks after his arrest testified that she did not recall Brooks ever complaining about being handcuffed for an excessively long time. (Def. Resp. Ex. C, Jones Trial Tr. at 16:7-9, Dkt. No. 112-1 at 13.) In addition, one of the people who was in the jail cell with Brooks the night of his arrest testified that he never heard Brooks tell the officers at the jail that the handcuffs were hurting him or that he was in pain, and that he never heard Brooks ask for assistance in using the urinal in the holding cell nor saw him soil himself. (Def. Resp. Ex. D, Walker Trial Tr. at 23:2-5, 26:22-27:7, Dkt. No. 112-1 at 16-18.)

Although Brooks argues that he presented ample testimony to support of his claim of deliberate indifference to his conditions of confinement, it cannot be said that the jury heard no evidence refuting his allegations. It is for the jury, not the Court on review, to make credibility determinations and to weigh the evidence. The jury here could very well have believed any or all the witness testimony refuting Brooks's assertions about the manner in which he was handcuffed. Or the jury could have believed Brooks's testimony and nonetheless found that being handcuffed in the manner he described did not pose a substantial risk of serious harm to his health or safety, that he was not harmed, or that Officer Stepney and Captain Sanchez were not deliberately

5

indifferent to his health or safety.[2] In short, there was sufficient evidence presented at trial for a rational jury to find for Defendants Stepney and Sanchez on Brooks's conditions of confinement claim and, accordingly, neither judgment as a matter of law nor a new trial is warranted.

## CONCLUSION

For the foregoing reasons, Brooks's motion for judgment as a matter of law or, in the alternative, for a new trial (Dkt. No. 106) is denied.

ENTERED:

Dated: September 17, 2018

Andrea R. Wood
United States District Judge

---

[2] Brooks has cited no legal authority that being handcuffed as he claims constitutes unconstitutional conditions of confinement as a matter of law.